Chief Judge Fuld (dissenting).
Section 165 of the Code of Criminal Procedure provides, in so many words, that the defendant “ must in all cases be taken before the magistrate without unnecessary delay”. The time has come, it seems- to me, for this court to recognize that statutory command and *280 insist upon its compliance. (See People v. Lane, 10 N Y 2d 347, 354, concurring opinion.)
In the present case, the defendant was arrested in the early-morning of April 7, 1962; he was identified by four witnesses by noon of that day as one of the robbers; and, according to the police, he immediately admitted his participation in the crime. Although at this point there was ample evidence on which to arraign him, he was not brought before a magistrate for such arraignment until the morning of April 8, some 28 hours after his arrest. During the period that he was in police custody, concededly incommunicado and without having been given any warning as to his rights, two statements were obtained from him, one — the product of four hours of police interrogation — at 6:00 p.m. and the other at 8:00 p.m.
The fact, noted by the court (p. 277), that “ the offensive delay did not actually begin until the conclusion of the lineups at noon ” and that the defendant began to confess his guilt ‘ ‘ almost immediately ’ ’, cannot excuse the inordinate delay of almost 30 hours. (See Haynes v. Washington, 373 u. S. 503.) The police deliberately ignored the mandate of section 165 that they take the defendant before a magistrate and arraign him “without unnecessary delay,” quite obviously in order to enable them to proceed, without judicial supervision or legal advice, with their questioning until they obtained what they regarded as sufficient evidence upon which to convict.
Experience indicates that the only method that might possibly stop such unlawful procedures is to prohibit the use of statements so procured. (See, e.g., Mapp v. Ohio, 367 U. S. 643; Elkins v. United States, 364 U. S. 206.) It is no answer to say that on the record before us the defendant is clearly guilty. The worst of men is as much entitled to the protections of our law as is the most respected member of society. The purpose of the exclusionary rule, to deter law enforcement officials from violating the law which they are sworn to uphold and to engender respect for constitutional guarantee and statutory mandate, calls upon us to overrule our prior decisions and forthrightly hold that statements obtained in violation of section 165 may not be received in evidence against the defendant. “ [T]he imperative of judicial integrity” demands no less. *281 (Elkins v. United States, 364 U. S. 206, 222, supra; People v. Dinan, 11 N Y 2d 350, 357, dissenting opn.)
The judgment of conviction should be reversed and a new trial ordered.
Judges Van Voorhis, Burke, Scileppi, Bergan and Keating concur with Judge Breitel ; Chief Judge Fuld dissents and votes to reverse and order a new trial in a separate opinion.
Judgment of conviction affirmed.